RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  9/24/14
         MB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

RICKEY TOLBERT (#32656-177)        DOCKET NO. 14-CV-830; SEC. P

VERSUS                              JUDGE DRELL

WARDEN                              MAGISTRATE JUDGE KIRK

<u>REPORT AND RECOMMENDATION</u>

Pro se petitioner Rickey Tolbert filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. Petitioner is a prisoner in the custody of the Federal Bureau of Prisons (BOP), incarcerated at the United States Penitentiary in Pollock, Louisiana. He challenges the computation of his sentence by the BOP, and seeks credit against his federal sentence for the time he served in state custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Procedural History and Allegations*

Petitioner committed aggravated robbery in 1997, at the age of sixteen. He was sentenced to probation until his eighteenth birthday. Four months before turning eighteen, in 1999, Petitioner violated conditions of his probation, so he was sentenced to ten years, with a minimum of three years in the Texas Youth Commission. [Docket No. 3:04-cr-278 (N.D.Tex.), Doc. #29]

He was released on parole in April 2002. On May 12, 2004, while reporting to his parole officer, he was arrested for a

"technical violation," and was questioned regarding a bank robbery investigation. [Docket No. 3:04-cr-278 (N.D.Tex.), Doc. #29] While in state custody, he was indicted on federal bank robbery charges. On November 9, 2004, Petitioner plead guilty to a superceding bill of information that charged him with ten counts of bank robbery and one count of brandishing a firearm. On March 18, 2005, Petitioner was sentenced to a total of 204 months of imprisonment - 120 months on counts 1 and 3-11, with a consecutive 84 months on count 2. [Docket No. 3:04-cr-278 (N.D.Tex.), Doc. #26]

Following his federal sentencing, Tolbert was returned to Texas state custody to finish serving his state sentences for robbery and possession of marijuana. [3:04-cr-278, N.D.Tex., Doc. #32] Apparently, in July 2012, Tolbert was paroled to Dallas County and released from custody instead of being turned over to federal authorities to serve his federal sentence. The United States Marshal ultimately re-arrested Defendant in November 2013. [3:04-cr-278, N.D.Tex., Doc. #32] He complains that the BOP is calculating his time served only since his arrest in November 2013.

### Law and Analysis

Petitioner seeks credit against his federal sentence from the date of his arrest on federal charges, May 12, 2004, to the date he was released from state custody, July 25, 2012. He also seeks credit for the time in which he was not incarcerated to the date

the Marshals arrested him, from approximately July 26, 2012, through November 6, 2013.

First, Title 18 U.S.C. §3584(a) provides that multiple terms of imprisonment imposed *at the same time* run concurrently unless the court orders or the statute mandates that the terms are to run consecutively, while multiple terms of imprisonment imposed *at different times* run consecutively unless the court orders that the terms are to run concurrently. In this case, the federal judge ordered that Petitioner's sentence of 84 months on Count 2 run consecutive to his sentence of 120 months imposed for the other counts. However, the judge *did not order* that the 204 months sentence run concurrent to the state sentence that Petitioner was serving at the time. In fact, the federal judgment did not even mention the state sentence. The Fifth Circuit has held that when the sentencing court makes no mention of a prior state sentence, the federal sentence shall run consecutive to the state sentence. See Jones v. Joslin, 635 F.3d 673 (5th Cir. 2011).

Next, Title 18 U.S.C. §3585 determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. See Reno v. Koray, 515 U.S. 50, 55, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995). The statute provides as follows:

> (a) Commencement of sentence — A sentence to a term of imprisonment commences *on the date the defendant is received in custody* awaiting transportation to, or arrives voluntarily at, the official detention facility

>   at which the sentence is to be served.
>
>   (b) Credit for prior custody — A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>   (1) as a result of the offense for which the sentence was imposed; or
>
>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>   **that has not been credited against another sentence**.

18 U.S.C. §3585 (emphasis added).

To the extent that Petitioner requests credit for time in which he was not in custody at all - July or August 2012, through November 6, 2013, his request should be denied, as he is not entitled to credit for time in which he was not incarcerated. Under §3585, his federal sentence did not commence until he was received in federal custody - November 2013.

Next, with regard to Petitioner's request for federal credit from May 12, 2004, to the date he was released from state custody, July 25, 2012, Petitioner was in the custody of the state of Texas during that time frame. That time counted toward Petitioner's state sentence. Section 3585 only allows credit for time **that has not been credited against another sentence**. The time in which Petitioner seeks federal credit was credited against his state sentence.

In summary, although Petitioner was sentenced in 2005, his

4

federal sentence did not commence until November 2013, when he was taken into federal custody to begin service of the sentence. The federal judge did not order the federal sentence to run concurrent to the state sentence, and Petitioner is not otherwise entitled to double credit under Sections 3584 or 3585.

### Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED** with prejudice, as Petitioner has not shown that his custody is in violation of the Constitution or laws of the United States.

### Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN

FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 23rd day of September, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE